IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF IRAQ TELECOM LIMITED FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. §1782 | MISCELLANEOUS ACTION<br><br>Case No. 19-175 |

### IRAQ TELECOM LIMITED'S RESPONSE TO MESSRS. YOUSSEF AND SUCCAR'S NOTICE OF RECENT PUTATIVELY PERTINENT GRANT OF CERTIORARI

Pierre Gergi Boutros Youssef and Mansour Farid Succar (together, the "Clients") submitted notice of what they wrongly call a "pertinent" grant of certiorari ("Notice") (ECF 33) in *Servotronics, Inc. v. Rolls-Royce PLC*, S. Ct. Dkt. No. 20-794. Applicant Iraq Telecom Limited ("Iraq Telecom") submits that the grant of certiorari in *Servotronics*, far from being "pertinent," is irrelevant as it has nothing to do with privilege, the one remaining issue before this Court.

The plain inapplicability of *Servotronics* exposes that unjustified delay is the true motivation behind the Clients' suggestion that "the Court should reserve judgment." ECF 33 at 1. The Clients seek further delay of discovery, even while the privilege log descriptions alone reveal that the improperly withheld documents will only further support the already amassed evidence of massive bribery and corruption by Iraqi government officials that ultimately resulted in depriving Iraq Telecom of hundreds of millions of dollars, as detailed in the Application.[1]  ECF 1.

Through this response, Iraq Telecom respectfully requests that the Court disregard the Notice.

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as in Iraq Telecom's motion to compel. *See* ECF 20.

1

*First*, the question of whether or not the Application should be granted is not before the Court.  This Court *granted* the Application over 15 months ago and Iraq Telecom subpoenaed Dechert.  ECF at 11.  Neither Dechert nor the Clients moved to quash the subpoena or otherwise objected to the Application.  On the contrary, the Clients voluntarily commenced their first of nine productions.  *See* ECF 27 at 21–28.  Thus, there is no basis for the Clients' instant suggestion that the Court should (or even could) revisit judgment on a matter about which it has already issued a decision and where production is already well in process.  *See id.* at 28.  Indeed, the Clients' failure to object, followed by their affirmative productions, renders any objection to the propriety of granting the Application long ago waived.  *See* ECF 27 at 20–23.  The only question is one of purported privilege:  whether Dechert should be compelled to produce documents that the Clients are withholding purportedly for privilege, which is fully briefed and ready for decision.  *See* ECF 20–24, 27.

*Second*, even indulging the implicit but baseless suggestion in the Clients' "Notice" that the Application itself could be reconsidered based upon the Supreme Court decision in *Servotronics*, which it cannot, the Clients' request remains wholly unavailing because no decision in *Servotronics* could impact the Application.  Unlike here, *Servotronics* presents the sole question of whether Section 1782 can be utilized when the ***only*** foreign proceeding is a non-governmental arbitration.  This case is fundamentally different from *Servotronics* because it was brought in support of an arbitration ***and*** a contemplated UK court proceeding.  ECF at 1-1 at 19–20, 25–26; *see e.g., Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1267 (11th Cir. 2014) (concluding that "the district court did not have to reach the question of whether the pending arbitration…was a proceeding in a foreign tribunal under the

statute" where the Section 1782 application was also made in support of non-arbitration proceedings). Thus, *Servotronics*, and the issue there presented, has no relevancy to this case.[2]

Indeed, the fact that the Application was in support of foreign *court* proceedings likely informed the Clients' failure to challenge the Application when timely, as the Clients could have made an argument that arbitrations do not qualify for Section 1782 discovery requests over a year ago. They did not then. Nor can they belatedly assert it today to further their desperate tactics to delay and halt continued production of selective documents that the Clients undoubtedly wish not to be produced. The Notice should be disregarded and the privilege issue decided.[3]

---

[2] Nor can the Clients' doubtless argument about Iraq Telecom's contemplated proceeding be indulged. As the Clients are well-aware, there is no time limit for bringing contemplated proceedings under Section 1782, and in any event, any argument with respect to those proceedings was long ago waived. *See* ECF 27 at 20–23.

[3] Iraq Telecom stands ready for oral argument at the Court's convenience should any remaining questions persist.

Dated:   March 29, 2021

                                             By: *Kristin N. Tahler*
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Kristin N. Tahler (*admitted pro hac vice*)
Lauren H. Dickie (*admitted pro hac vice*)
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
kristintahler@quinnemanuel.com
laurendickie@quinnemanuel.com

-and –

SKARZYNSKI MARICK & BLACK, LLP

James Sandnes
PA Bar Number:  41721
One Battery Park Plaza
New York, New York, 10004
(212) 820-7700
*jsandnes@skarzynski.com*

*Counsel for Applicant, Iraq Telecom Limited*