**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
**kristintahler@quinnemanuel.com**

October 1, 2021

**VIA ELECTRONIC FILING**

Honorable R. Barclay Surrick
United States District Judge
United States Courthouse
601 Market Street - Room 8614
Philadelphia, Pennsylvania 19106

Re: *Ex Parte* Application Of Iraq Telecom Limited For An Order To Obtain Discovery For Use In Foreign Proceedings Pursuant To 28 U.S.C. § 1782 – Miscellaneous No. 19-175

Dear Judge Surrick:

We and our co-counsel represent the applicant, Iraq Telecom Limited ("Iraq Telecom"), in the above-captioned proceeding under 28 U.S.C. §1782. As the Court is aware, through this proceeding Iraq Telecom is seeking discovery for use in both an ongoing arbitration administered by the International Chamber of Commerce ("ICC Proceeding") and contemplated court proceedings in the United Kingdom. Although your Honor granted the discovery application on December 5, 2019, what remains for the Court to decide is the pending motion to compel the production of documents claimed to be privileged ("Motion").[1]

We provided the Court with letters on June 9, 2021 (ECF 38), August 31, 2021 and September 9, 2021 (ECF 42) with updates on the underlying proceedings and requests that the Court issue a decision on Iraq Telecom's Motion on an expedited basis in light of the critical nature of the outstanding material and the fast-approaching deadlines in the underlying proceedings, which if passed will risk the material not being utilized in the ICC Proceeding.

We now write to respectfully request an urgent telephone conference be convened at the Court's earliest convenience to provide a material update on a recent award in a separate but closely-related

---

[1] *See* ECF 20–ECF 21, ECF 23–ECF 24-19, ECF 27–ECF 27-12.

arbitration, which Iraq Telecom had initiated against a Lebanese bank, among others, seeking redress for their part in certain aspects of the overall fraudulent conduct alleged as to the respondents (and their affiliates/co-conspirators) in this case (the "Lebanese Award"). As set forth in its 245-page award of September 27, 2021, the arbitral tribunal in that arbitration held that the Lebanese bank and others had indeed engaged in a fraudulent scheme with the purpose of defrauding Iraq Telecom.

As Iraq Telecom will explain at the conference, should the Court accept the instant request, the award highlights not only the exceptionally strong merits of the underlying claims of fraud for which discovery is sought here, but it also highlights the importance and utility of evidence collected through Section 1782 in an underlying foreign proceeding seeking redress for the very same fraud Iraq Telecom has described in this present proceeding (*see* ECF 1-1 at 3-7, 12-18; ECF 20-1 at 1-12). Moreover, the Motion asserts as an *alternative ground* for production, the crime-fraud exception to privilege. While not wishing to argue the point in this letter, in the event that the Court finds it necessary to reach the alternative crime-fraud grounds, we believe that the arbitration ruling and its findings with respect to fraud will be highly relevant to the application of that exception here.

That being said, other than crime-fraud, the Motion before this Court involves the application of basic attorney-client privilege principals, and is not directly impacted by the merits of the underlying claim. We, therefore, have substantial concern that the respondents might attempt to use briefing as to this development to engender further delay in a ruling, as they have done throughout. As our prior reports have discussed, further delay in a ruling could substantially prejudice Iraq Telecom possibly to the point of rendering belated relief from the wrongful assertion of privilege nugatory. Given that ***the Motion is extremely time critical*** at this point, we think a brief telephonic conference is the best way to determine whether and to what extent the Court would like information on the recent Lebanese Award and how best to accomplish that without, in any way, delaying the time-critical ruling on the independent privilege issue presented by the Motion.

We would greatly appreciate the opportunity to inform the Court of this matter in a telephonic status conference, which Iraq Telecom respectfully requests be scheduled next week or at the Court's earliest convenience thereafter.

In accordance with Your Honor's procedures, we did contact the other counsel indicating our request. Mr. Ebby is still consulting with his clients, Messrs. Youssef and Succar, and advises that he opposes the conference as unnecessary and notes that, to the extent a conference is contemplated for next week, he is unavailable October 4 and 5.

Thank you for your consideration.

Respectfully submitted,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | SKARZYNKSI MARICK & BLACK LLP |
|---|---|
| */s/ Kristin N. Tahler*<br>Kristin N. Tahler | */s/ James T. Sandnes*<br>James T. Sandnes |

cc: All counsel of Record by ECF Filing