IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| EX PARTE APPLICATION OF IRAQ | : | MISCELLANEOUS ACTION |
| TELECOM LIMITED FOR AN ORDER | : | |
| TO OBTAIN DISCOVERY FOR USE IN | : | NO. 19-175 |
| FOREIGN PROCEEDINGS PURSUANT | : | |
| TO 28 U.S.C. § 1782 | : | |

**O R D E R**

**AND NOW**, this 8th day of June 2022, upon consideration of Iraq Telecom's letter dated April 20, 2022 (ECF No. 76) and all documents submitted in support thereof and opposition thereto, it is **ORDERED** as follows:[1]

1. Dechert is **ORDERED** to provide Iraq Telecom with the Bates numbers of the already-provided discovery corresponding to the documents contained within the Dechert Link within fourteen (14) days of this Order.

2. Dechert is **DIRECTED** to file a response within fourteen (14) days of this Order that addresses the inconsistent assertions that it has never viewed the contents of the Achkouty Link, and yet it knows what documents the link contained.

3. Iraq Telecom, Youssef, and Succar may file replies to Defendants' response no later than seven (7) days after Defendants' file their response.

**IT IS SO ORDERED.**

**BY THE COURT:**

***/s/ R. Barclay Surrick***
**R. BARCLAY SURRICK, J.**

---

[1] This case arises out of Iraq Telecom's *ex parte* application to obtain discovery from Dechert pursuant to 28 U.S.C. § 1782 for use in both pending and contemplated international litigation. Iraq Telecom alleges it was the victim of a complex fraud that, among other things,

involved the sham purchase of two residential properties in the United Kingdom by two of Dechert's former clients, Pierre Gergi Boutros Youssef and Mansour Farid Succar. When Iraq Telecom deposed one of Dechert's attorneys, the attorney disclosed that Dechert and Sandy Achkouty, a third party, exchanged several emails related to the litigation between December 2019 and February 2020.

Following *in camera* review of those emails, we ordered that Dechert produce the emails. (Order dated 4/8/22, ECF No. 75.) Shortly after, Iraq Telecom, Dechert, and Dechert's former clients wrote letters to chambers about Dechert's refusal to provide documents attached by two links to the emails.

In one email, a Dechert attorney provided Achkouty with a link that contained the documents that "Dechert intend[ed] to produce to counsel for Iraq Telecom in response to the subpoena." (Iraq Telecom's Letter dated 4/20/22, Ex. A, ECF No. 76-1.) In a later email, Achkouty sent another link containing "documents that Dechert should **NOT** produce." (Iraq Telecom's Letter dated 4/20/22, Ex. B, ECF No. 76-2.) We will refer to these links as the Dechert Link and the Achkouty Link, respectively.

Dechert asserts that it has already produced the documents contained within the Dechert Link. It also complains that the subpoena does not encompass documents that are produced via link, only those produced via email attachments. Since these documents have, according to Dechert, already been produced, we will order that Dechert provide Iraq Telecom with the Bates numbers of the already-provided discovery corresponding to the documents contained within the Dechert Link.

In addition, Dechert asserts that it is "unable to produce the documents contained in the Achkouty Link because those documents are not in Dechert's possession. Dechert never opened/clicked the link and therefore never viewed or downloaded the documents in the Achkouty Link." (Dechert's Letter dated 4/25/22, 2.) Dechert then immediately contradicts this statement by claiming that "[t]he link contained a subset of the documents Dechert already had in its possession and was prepared to produce, not new documents that could arguably be subject to Dechert's production responsibilities under the subpoena." (*Id.* at 2 n.1.) It is difficult to understand how Dechert could claim both that it never viewed the contents of the Achkouty Link but knows what documents the link contained. Dechert is directed to file a response within fourteen (14) days of this Order that addresses this apparent inconsistency.