**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re Ex Parte Application of<br><br>IRAQ TELECOM LIMITED,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C.<br>§ 1782 to Conduct Discovery for Use in a Foreign<br>Proceeding. | Case No. 19-mc-00175 |

**MR. SIRWAN SABER MUSTAFA, KOREK INTERNATIONAL (MANAGEMENT) LIMITED, AND KOREK TELECOM COMPANY LLC'S APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY FROM DECHERT LLP FOR USE IN FOREIGN PROCEEDINGS AND MOTION FOR EXPEDITED <u>DISCOVERY</u>**

Thomas C. Sullivan
MARKS & SOKOLOV LLC
1835 Market Street
Philadelphia, PA 19103
Telephone: (215) 569-8901
Facsimile: (215) 569-8912
tsullivan@mslegal.com

OF COUNSEL:

Duane L. Loft*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2380
dloft@bsfllp.com

*Pro hac vice* application forthcoming

*Attorneys for Movants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................II

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 4

ARGUMENT ..................................................................................................................... 4

I.     THE APPLICATION SATISFIES THE THREE STATUTORY REQUIREMENTS OF
28 U.S.C. 1782........................................................................................................ 6

     A.    Respondent "Resides" or Is "Found in" the District................................... 6

     B.    The Discovery Sought Is "For Use" In a Foreign Proceeding. ................... 6

          1.    Contemplated U.K. Proceeding ................................................... 7

          2.    ICC Arbitration ........................................................................... 9

     C.    Movants Are "Interested Persons.".......................................................... 11

          1.    Contemplated U.K. Proceeding ................................................. 11

          2.    ICC Arbitration ......................................................................... 12

II.    THE *INTEL* DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING
DISCOVERY ......................................................................................................... 13

     A.    Respondent Is Non-Participant In Foreign Proceeding. ........................... 13

     B.    The Foreign Proceeding Will Be Receptive to the Evidence Sought. ................. 13

          1.    Contemplated U.K. Proceeding ................................................. 13

          2.    ICC Arbitration ......................................................................... 14

     C.    Movants Are Not Circumventing Foreign Proof-Gathering Restrictions............. 14

     D.    The Subpoena Is Not Unduly Burdensome. ....................................... 14

III.   EXPEDITED PRODUCTION OF THE REQUESTED DISCOVERY IS WARRANTED.
.......................................................................................................................... 15

CONCLUSION................................................................................................................ 16

## TABLE OF AUTHORITIES

**Cases**

*Glock v. Glock*,
   797 F.3d 1002 (11th Cir. 2015) .................................................................. 7

*In re Accent Delight Int'l Ltd.*,
   869 F.3d 121 (2d Cir. 2017)....................................................................... 7

*In re Application of Furstenberg Fin. SAS*,
   334 F. Supp. 3d 616 (S.D.N.Y. Sept. 26, 2018) ............................................ 8

*In re Baycol Prods. Litig.*,
   MDL No. 1431 (MJD/JGL), 2003 WL 22331293 (D. Minn. May 6, 2003) ............................ 5

*In re Bayer AG*,
   146 F.3d 188 (3d Cir. 1998)................................................................. 2, 15

*In re Edelman*,
   295 F.3d 171 (2d Cir. 2002)..................................................................... 10

*In re EWE Gasspeicher GmbH*,
   2020 WL 1272612 ................................................................................... 11

*In re Hornbeam Corp.*,
   722 Fed. Appx 7 (2d Cir. 2018) ............................................................... 5, 8

*In re Hornbeam Corp.*,
   No. 14 Misc. 424 (Part 1), 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015)............................ 5

*In re Matter of Application of Oxus Gold PLC*,
   2006 WL 2927615 (D.N.J. Oct. 11, 2006)..................................................... 12

*In re Porsche Automobil Holding SE*,
   985 F.3d 115 (1st Cir. 2021)...................................................................... 8

*In re Request of Susan Devine*,
   No. 22-MC-133 (VSB), 2022 WL 1658586 ................................................... 5

*In re Sarrio, S.A.*,
   119 F.3d 143 (2d Cir. 1997)................................................................... 4, 6

*In re Veiga*,
   746 F. Supp. 2d 8 (D.D.C. 2010) ............................................................... 2

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004)......................................................................... passim

*Marino v. Bower*,
   483 F. Supp. 765 (E.D. Pa. 1980) .............................................................. 10

*Minatec Finance S.A.R.L. v. SI Group, Inc.*,
   No. 08 Civ. 269, 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008)............................. 10

*Rollins v. Sullivan*,

784 F. Supp. 253 (3d Cir. 1992) .......................................................................... 11

*Sandra Holding Ltd. v. Al Saleh*,
No. 18-mc-91406-PBS, 2019 WL 3072197 (D. Mass. 2019) ................................... 9

*Smith v. City of Pittsburgh*,
764 F.2d 188 (3d Cir. 1985)................................................................................ 10

*South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.*,
[1987] 1 App. Cas. 24 ........................................................................................ 14

*Williams v. Sullivan*,
818 F. Supp. 92 (D.N.J. 1993) .......................................................................... 2, 9

*ZF Automotive US, Inc. v. Luxshare, Ltd.*,
--- U.S. ---, No. 21-401, 2022 WL 211135 (June 13, 2022) ...................... 1, 9, 10, 11

**Statutes**

28 U.S.C. § 1782 ................................................................................................. 1

Mr. Sirwan Saber Mustafa, Korek International (Management) Limited ("**CS Limited**") and Korek Telecom Company LLC ("**Korek**") (collectively, the "**Foreign Proceeding Respondents**" or "**Movants**") by and through their counsel, respectfully submit this Application for an Order Pursuant to 28 U.S.C. § 1782 ("**Section 1782**") to Take Discovery from Dechert LLP ("**Dechert**") for Use in Foreign Proceedings (the "**Application**") and its Motion for Expedited Discovery (the "**Motion to Expedite**").[1]

## <u>PRELIMINARY STATEMENT</u>

Movants respectfully submit this Application pursuant to 28 U.S.C. § 1782 to take limited discovery from Dechert, an entity found in this District, for use in connection with, first, an ongoing ICC Arbitration ("**ICC Arbitration**"); and, second, a contemplated U.K. proceeding in the English High Court ("**High Court**").

The contemplated U.K. proceeding qualifies as a foreign proceeding pursuant to Section 1782. Movants seek the Dechert Production to use in a contemplated U.K. proceeding in the High Court.

Additionally, due to the Supreme Court's recent ruling in *ZF Automotive US, Inc. v. Luxshare, Ltd.*, --- U.S. ---, No. 21-401, 2022 WL 211135 (June 13, 2022), Movants recognize that the ongoing ICC Arbitration ("**ICC Arbitration**") would not be a "foreign proceeding" pursuant to Section 1782 if Iraq Telecom Limited ("**IT Limited**" or the "**Petitioner**") had applied for discovery pursuant to Section 1782 discovery today. However, IT Limited submitted its application on November 5, 2019, and this Court approved IT Limited's application by order dated December 5, 2019, all before *ZF Automotive* had been handed down, on the basis that it was "for use" in the ICC Arbitration. *ZF Automotive* should not have retroactive application here to

---

[1] Movants also move contemporaneously to intervene pursuant to Rule 24, to the extent required.

Movants' Application seeking the same documents which IT Limited has already received because retroactive application would be inequitable. It would allow IT Limited to benefit from this Court's order, Dkt No. 11, and use the discovery in the ICC Arbitration, to which Movants are parties, without Movants having access to the same materials.  *See, e.g*., *Williams v. Sullivan*, 818 F. Supp. 92, 94 (D.N.J. 1993) (refusing to grant retroactive effect to Supreme Court case because "retroactive application would create an inequitable result").

Both proceedings – the ICC Arbitration, and the contemplated U.K. proceeding – concern or would concern accusations by IT Limited of bribery and corruption related to IT Limited's investment in Korek, an Iraqi telecommunications company.

Through this Application, Petitioners seek narrowly tailored discovery (the "**Dechert Production**") from Dechert and which Dechert has already been ordered by this Court to produce to IT Limited. *See* Dkt No. 50. The Dechert Production is directly relevant to the bribery and corruption claims that IT Limited is making against Movants in the ICC Arbitration,. The Dechert Production is also directly relevant to the same bribery and corruption claims that IT Limited contemplates making in the High Court; such contemplated U.K. proceedings were the partial basis of IT Limited's previous application for Section 1782 discovery, *see* Dkt No. 1-1, at 30, which this Court granted, *see* Dkt No. 50.

Section 1782 authorizes this Court to order discovery from any person that resides or is found in this district to assist with pending or contemplated proceedings before foreign tribunals. Section 1782's broad applicability and "modest prima facie elements" reflect "Congress's goal of providing equitable and efficacious discovery procedures."  *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998); *see In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) (pointing to "the statute's overarching interest in providing fair and efficient assistance and the liberal standards of discovery

in granting the application and deferring to the foreign tribunal on contested issues").

As described below, Petitioners' Application meets all of the statutory requirements of Section 1782: (i) Dechert "resides or is found" in this District; (ii) the Requested Discovery is "for use" in a foreign proceeding, namely the ICC Arbitration and the contemplated U.K. proceeding; and (iii) Movants, who have significant interests in the ICC Arbitration or any contemplated U.K. proceeding, easily meet the standard for an "interested person" under the statute. *See infra* Section I.

In addition, each of the Supreme Court's factors that guide this Court's exercise of discretion under Section 1782 weighs decisively in favor of granting Movants' Application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("*Intel*").

*First*, under *Intel*, Section 1782 discovery is appropriate when, as here, Dechert is not a "participant" in the foreign action. *Id.* As described in *Intel*, "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* The reasoning for this factor is that where a party is before a foreign tribunal, the tribunal "has jurisdiction . . . and can itself order them to produce evidence." *Id.* Here, this factor weighs in favor of granting the Requested Discovery because Dechert is not a party in the contemplated U.K. proceeding.

*Second*, under *Intel*, courts consider the character of the foreign proceeding and whether the tribunal is receptive to Section 1782 assistance. *Intel*, 542 U.S. at 264. Here, there is no indication, let alone any of the "authoritative proof" required by the second *Intel* factor, that the High Court would be unreceptive to Section 1782 assistance. Therefore, the second factor weighs in favor of granting discovery.

*Third,* the *Intel* factors consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Here, the Dechert Production does not implicate any privilege or special protection that would make it improper evidence in the contemplated U.K. proceeding. Therefore, the third factor weighs in favor of granting discovery.

*Fourth*, the *Intel* factors consider whether the proposed discovery is unduly burdensome. *Id.* Here, the Dechert Production is precisely the discovery that this Court previously ordered Dechert to produce to IT Limited. Reproducing that identical discovery to Movants – who up until this point have only seen less than 6% of the overall Dechert Production admitted in the ICC Arbitration – would take a matter of hours. Dechert has already undergone the process of searching, privilege logging, and producing the requested discovery. There is no conceivable burden to speak of. Therefore, the fourth factor weighs in favor of granting the Application.

## FACTUAL BACKGROUND

The facts relevant to this Application and Motion to Expedite are fully set forth in the accompanying Motion to Intervene ("**Mot. to Intervene**"). The defined terms used in the Motion to Intervene are used herein.

## ARGUMENT

As an initial matter, Movants have standing to submit this Application. Movants have standing to intervene under Rule 24. *See* Mot. to Intervene, Sections II & III. Alternatively, courts hold parties have standing to challenge Section 1782 discovery under Rule 45 without intervening. *See In re Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness . . . . the ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue

a subpoena") (quotation omitted); Mot. to Intervene, Section I. In this case, Movants have standing as a current party to the ICC Arbitration and a potential party to contemplated future foreign proceedings. Although Movants do not move to vacate this Court's prior order granting IT Limited's application or quash a subpoena – the most common accompanying motions for intervenors to Section 1782 proceedings – Movants nevertheless have standing to submit an application pursuant to Section 1782 to obtain the Dechert Production.

As mentioned, courts have previously allowed intervenors to file motions to quash Section 1782 subpoenas or vacate orders granting Section 1782 applications. For instance, in *In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 Fed. Appx. 7 (2018), a court cited Rule 45 as the basis to permit Panikos Symeou – who "was among the parties against whom [the Section 1782 petitioner] intended to initiate proceedings" abroad – to intervene in that case. The court deemed Symeou's motion to vacate procedurally proper. Additionally, courts have also allowed Section 1782 intervenors to make a wide variety of motions – not just motions to vacate or motions to quash. In another recent case, *In re Request of Susan Devine*, No. 22-MC-133 (VSB), 2022 WL 1658586 (S.D.N.Y. May 25, 2022), the court granted a third party's motion to intervene in a Section 1782 application and the third party's motion to transfer the case to a different venue. By the same reasoning used in *Susan Devine* and *Hornbeam*, this Application – to obtain the Dechert Production – is also proper.[2] *See* Mot. to

---

[2] In at least one case, a court has granted a motion to intervene with a concurrent Section 1782 application. In *In re Baycol Prods. Litig.*, MDL No. 1431 (MJD/JGL), 2003 WL 22331293 (D. Minn. May 6, 2003), the intervenor submitted a Section 1782 application to gain access to discovery already produced in an underlying non-Section-1782 proceeding. The court granted both the motion to intervene and the Section 1782 application as it pertained to already-produced materials. The court reasoned that, where applicants "were seeking access to discovery *already* produced in the U.S. litigation, as opposed to a request to conduct discovery in the U.S.," their request should be granted because it would not "prejudice Defendants by further intruding into their privacy or subjecting them to further questioning or document production." *Id.* at *5-6.

Intervene, Section I.

Movants have standing to submit this Application. Denying Movants access to the Dechert Production would significantly prejudice them, as described further *infra* Section I(B). Thus, this Court should grant this Application.

## I.    THE APPLICATION SATISFIES THE THREE STATUTORY REQUIREMENTS OF 28 U.S.C. 1782.

Many courts hold parties to foreign proceedings have standing to participate in Section 1782 proceedings without intervening. *See, e.g.*, *Sarrio*, 119 F.3d at 148 (2d Cir. 1997) ("standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness").

### A.    Respondent "Resides" or Is "Found in" the District.

Dechert resides in the Eastern District for purposes of Section 1782 and the first statutory requirement is satisfied. Movants rely on the same arguments presented by IT Limited in its original application. Dkt No. 1-1, at 23.

### B.    The Discovery Sought Is "For Use" In a Foreign Proceeding.

Under the second statutory requirement, an applicant must demonstrate that the Dechert Production is for use in a proceeding before a foreign tribunal. In its original application, IT Limited argued that "(1) the ICC and U.K. Proceedings constituted foreign proceedings under Section 1782; and (2) the Requested Discovery was for use in these proceedings." Dkt No. 1-1, at 23. Like IT Limited, Movants would use the Dechert Production in both these proceedings. It is the ICC Arbitration that makes the timing of this Application the most urgent. The ICC Arbitration is currently underway: closing arguments are scheduled for August 1-2, 2022. Hunt Decl. ¶ 31.[3]

---

[3] If this Court grants this Application on the basis of the contemplation of some but not all of these two foreign proceedings, Movants nevertheless would intend to use the Dechert Production in any of the two proceedings, as case law has long established Section 1782 applicants have a right to do. Section 1782 "does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere." *In re Accent*

1.     Contemplated U.K. Proceeding

IT Limited has already laid out its detailed plans to bring a claim in the High Court directly related to the same charges of bribery and corruption being litigated in the ICC Arbitration. *Compare* Dkt No. 1-1, at 20 (IT Limited stated that in any such contemplated U.K. proceeding, IT Limited would claim that defendants "accepted bribes in exchange for taking actions adverse to Iraq Telecom, including by issuing the CMC Order") *with id.* at 19 (in the ICC Arbitration currently underway, IT Limited presently claims "Iraq Telecom further alleges that Mr. Barzani and his associates, including Mr. Rahmeh, colluded with the CMC Officials to bring about the CMC Order . . . . as part of a network of financial transactions, cash pay-offs, and bribes designed to bring about the CMC Order."). Although such contemplated U.K. proceedings have not been initiated as of now, Movants agree with the cases cited by IT Limited in its application holding that a proceeding "within reasonable contemplation" satisfies the statutory requirement. *See* Dkt No. 1-1, at 25-27. This Court granted IT Limited's application on the basis that the requested discovery would be used in the ICC Arbitration *as well as* "a contemplated proceeding in the United Kingdom." Dkt No. 50. IT Limited has already presented to this Court in great detail the venue, the claims, and the targets of its contemplated U.K proceeding. This Court deemed the contemplated U.K. proceeding to be sufficient for the second statutory requirement of Section 1782 discovery, and the Court should do so again here.

The contemplated U.K. proceedings inarguably meet the threshold of "reasonable contemplation" given that IT Limited has thoroughly and publicly discussed its anticipated legal

---

*Delight Int'l Ltd.*, 869 F.3d 121 (2d Cir. 2017); *see also Glock v. Glock*, 797 F.3d 1002, 1008 (11th Cir. 2015) ("The Glock Entities also fire off another argument for why evidence lawfully obtained under § 1782 should not be able later to be used in United States litigation. It does not hit the mark.").

strategy. *See In re Hornbeam Corp.*, 722 Fed. Appx 7, 9-10 (2d Cir. 2018)  (holding that a foreign proceeding was reasonably contemplated where the applicant "represented that it intended to initiate further litigation," and "articulated a theory on which it intended to litigate."); *In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 619 (S.D.N.Y. Sept. 26, 2018) (contemplation was reasonable where applicant had "articulat[ed] a specific legal theory on which they intend to rely").

IT Limited has repeatedly evidenced its contemplation of the U.K. proceeding to this Court. This was stated by IT Limited in a June 9, 2021 letter to this Court: "As the Court is aware, this is a proceeding under 28 U.S.C. § 1782, seeking discovery for use in both an ongoing International Chamber of Commerce arbitration and contemplated proceedings in the United Kingdom *to further expose and remedy alleged and evidenced massive fraud and blatant corruption involving the Iraqi telecommunications system."* Dkt No. 38 (emphasis added) (cleaned up). As recently as late last year, IT Limited reiterated that such proceedings in the U.K. was still contemplated. On October 1, 2021, IT Limited wrote to this Court that: "this proceeding Iraq Telecom is seeking discovery for use in both an ongoing arbitration administered by the International Chamber of Commerce ('ICC Proceeding') and *contemplated court proceedings in the United Kingdom*." Dkt No. 43 (emphasis added). These recent articulations by IT Limited supply ample evidence of its reasonable contemplation. *See In re Porsche Automobil Holding SE*, 985 F.3d 115, 120 (1st Cir. 2021) (wherein the First Circuit held petitioners surpassed Section 1782's second statutory requirement even when respondents claimed the evidence in question "would not [allegedly] be relevant for another five years" per "the estimates of the projected duration of various portions of [actions in other countries]," reasoning that "a party seeking discovery need often leave time to overcome persistent resistance, and *Intel* requires only that the proposed discovery's use be 'within

reasonable contemplation.'"). The contemplated U.K. proceeding satisfies the second statutory requirement.[4]

### 2.      ICC Arbitration

Movants intend to use the Dechert Production to defend themselves in the ongoing ICC Arbitration. The Supreme Court recently released a decision clarifying that Section 1782 does not apply to international arbitration tribunals—in either commercial or investor-state arbitration cases; only "governmental" or "intergovernmental" adjudicative bodies fall within the scope of Section 1782. *ZF Automotive*, 2022 WL 211135. Nevertheless, Movants submit that, because of severe inequity that would result from retroactive application, this Court should not apply *ZF Automotive* retroactively, and that the ICC Arbitration remains a legitimate basis for this Application.

Courts have commonly held that Supreme Court precedent does not apply retroactively where it would create an inequitable result. *See Williams*, 818 F. Supp. at 97 ("balance of equities" favored rejecting retroactive application of Supreme Court ruling). Here retroactive application of *ZF*

---

[4] It is no bar to this Application that IT Limited has not listed Movants among the anticipated list of defendants in its contemplated U.K. proceedings. *See* Dkt No. 1-1, at 20. First, the contemplated U.K. proceedings concern the same underlying claims of corruption and bribery as the ICC Arbitration, and Movants therefore have a significant interest in the contemplated proceeding as a potential intervenor in the contemplated U.K. proceeding. *See Intel*, 542 U.S. at 243 ("the proceeding for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be pending or imminent"); *Sandra Holding Ltd. v. Al Saleh*, No. 18-mc-91406-PBS, 2019 WL 3072197, at *3 (D. Mass. 2019) ("for use" requirement was satisfied when applicant had "stated its intent to pursue a legal action and articulated a facially legitimate reason for pursuing this discovery."). Second, Movants' anticipated intervention in a contemplated U.K. proceeding is no more speculative than IT Limited's anticipated initiation of the contemplated proceeding itself. Where, as here, no proceedings yet exist, one Section 1782 applicant's contemplation is no more credible than that of another applicant. Put simply, IT Limited's contemplation of a future U.K. proceeding cannot meet the "for use" standard while Movants' contemplation does not. If it were, one side of a Section 1782 litigation could unilaterally dictate the set of "interested parties," simply by a first-contemplator advantage.

*Automotive* would result in "harsh, injust, or inequitable results." *Smith v. City of Pittsburgh*, 764

F.2d 188, 196 (3d Cir. 1985). In particular, IT Limited made an application to this Court, which

resulted in a Court ordering Dechert to produce discovery that IT Limited has used to support its

case in the ICC Arbitration. Now Movants want to do the same: make an application to this Court

to use the Dechert Production to defend itself in the ICC Arbitration, except that the arbitrary

timing of Movants' application (being post-*ZF Automotive*) and the equally arbitrary timing of IT

Limited's application (being pre-*ZF Automotive*) have produced the distinct possibility that, due

to the particular date of the Supreme Court's decision, Movants may be deprived of access to the

very set of discovery materials IT Limited is actively weaponizing against them in the ICC

Arbitration.[5] Furthermore, in this District, courts have declined to retroactively apply a Supreme

Court decision where the pre-decision law has "long been recognized as lawful" such that

retroactive application would "effectively penalize those who relied upon prior law." *Marino v.*

*Bower*, 483 F. Supp. 765, 768 (E.D. Pa. 1980); *see also Rollins v. Sullivan*, 784 F. Supp. 253, 257

---

[5] The rejection of retroactive application of *ZF Automotive* also finds support in the commonplace phenomenon of reciprocal discovery in Section 1782 cases. Courts have a long tradition of granting reciprocal discovery in Section 1782 cases under the principle of "procedural parity." *Intel*, 542 U.S. at 262 (2004) (it is within the discretion of a district court that grants Section 1782 discovery to "condition [that] relief upon that person's reciprocal exchange of information."); *Minatec Finance S.A.R.L. v. SI Group, Inc.*, No. 08 Civ. 269, 2008 WL 3884374, at *9 (N.D.N.Y. Aug. 18, 2008) ("Consistently, the Second Circuit and the Supreme Court, have suggested that a district court [may order] reciprocal exchange of information, as such would lend parity to the disclosure mix."). While this Application is not aimed at reciprocal discovery, the same principle of procedural parity – that is, maintaining a procedural fairness in the foreign proceeding – applies here. "The practice of awarding reciprocal discovery in Section 1782 cases arises out of a concern that granting discovery to one party to foreign litigation, but not another, would *skew the results of the foreign litigation.*" *In re Edelman*, 295 F.3d 171, 181 (2d Cir. 2002) (emphasis added). Movants do not seek reciprocal discovery here – Movants were not the respondents to IT Limited's Section 1782 application, and Movants seek discovery identical to that already produced by the actual respondent Dechert – but the same principle of procedural parity nevertheless applies. In deciding Section 1782 application, and in deciding when to retroactively apply Supreme Court rulings, courts should aim to not "skew the results of the foreign litigation."

(3d Cir. 1992) (refusing to apply Supreme Court holding retroactively where the relevant legal issue "had not yet been articulated within the Third Circuit"); *cf. In re EWE Gasspeicher GmbH*, No. 20-1830, 2020 WL 1272612, at *2 (3d Cir. 2022) ("Halliburton asserts that a private commercial arbitration is not a 'tribunal' within the meaning of § 1782. The Third Circuit Court of Appeals has not yet addressed this issue"); Dkt No. 1-1, at 24 n.29 ("It should be noted that while the Third Circuit has not specifically opined on this question, the weight of authority supports Iraq Telecom's position . . . that 'tribunal' under Section 1782 includes private commercial arbitrations, such as the ICC Proceeding"). The timing of the Supreme Court's decision in *ZF Automotive* has the potential to substantially disadvantage Movants by causing Movants dramatic, unforeseen, and unequal treatment compared to IT Limited. Retroactive application of *ZF Automotive* would cause significant harm to Movants by denying them access to the very same documents their opponents obtained via a near-identical Section 1782 application, albeit one that predated *ZF Automotive*. The "balance of equities" favors permitting Movants to obtain and use the Dechert Production in the ICC Arbitration – the same discovery that IT Limited presently enjoys.

### C.    Movants Are "Interested Persons."

#### 1.    Contemplated U.K. Proceeding

As a person who is entitled to seek to intervene in the contemplated U.K. proceedings, Movants qualify as an "interested person" pursuant to Section 1782.

*Intel* expressly rejected a narrow construction of "interested person" exclusively limited to litigants, holding that "[t]he text of § 1782(a) . . . plainly reaches beyond the universe of persons designated 'litigant.'" 542 U.S. at 256.[6] In *Intel*, a complainant before the Commission of the

---

[6] This is an argument IT Limited also made in its application, suggesting that IT Limited also satisfied this statutory

European Communities qualified as an "interested person" despite its lack of status as a litigant. The Supreme Court explained that the complainant was an "interested person" within the meaning of Section 1782 because it retained "significant procedural rights," such as the right to submit information for the Directorate-General for Competition's consideration and the right to proceed to court if the Commission discontinued the investigation or dismissed the complaint. *Id*. at 255-256. "Given these participation rights," the Supreme Court held, the "complainant possesses a reasonable interest in obtaining judicial assistance, and therefore qualifies as an 'interested person' within any fair construction of that term." *Id.* at 256 (citation, quotation marks, and brackets omitted). Similarly, Movants have "significant procedural rights" and "possess a reasonable interest in obtaining judicial assistance" in the contemplated U.K. proceedings despite not anticipating being named defendants due to their status as a potential intervenor. *See, e.g.*, *In re Matter of Application of Oxus Gold PLC*, 2006 WL 2927615, at *2 (D.N.J. Oct. 11, 2006) (deeming "a likely defendant in the compensation claim" who is nevertheless "not a named party in the foreign proceedings" an "interested person" because of its business interests in the license of a Kyrgyz gold mine). The third statutory element is thus satisfied here.

2.     ICC Arbitration

As IT Limited argued in its application, "no doubt litigants are included among, and may

---

requirement as a "potential complainant":

> It is not necessary under Section 1782 that an applicant be a party or a litigant as "[a]ny other person…[who] possess(es) a reasonable interest in obtaining the assistance" is also included as an interested party. *See In re Letter of Request from Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-90 (D.C. Cir. 1989) (quoting Professor Hans Smit, "the dominant drafter of, and commentator on, the 1964 revision of [Section 1782].").

Dkt No. 1-1, at 28. With respect to the contemplated U.K. proceeding, Movants also possess a "reasonable interest in obtaining the assistance."

be the most common example of, the interested persons who may invoke Section 1782." Dkt No. 1-1 at 28 (quoting *Intel*, 542 U.S. at 256) (internal quotations omitted). Movants are litigants in the ICC Arbitration and thus readily qualify as "interested persons."

## II. THE *INTEL* DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING DISCOVERY.

Once the statutory threshold requirements of Section 1782 are met, a district court considers, in its discretion, whether to order the requested discovery. To do this, the district court looks to the four "*Intel* factors." *See Intel*, 542 U.S. at 264. These factors are: (1) whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65. Each of the *Intel* factors weighs in favor of granting the Application.

### A. Respondent Is Non-Participant In Foreign Proceeding.

Dechert is neither a participant nor anticipated to be one in the U.K. Proceedings or the ICC Arbitration. Movants rely on the same arguments presented by IT Limited in its original application. Dkt No. 1-1, at 29. The first discretionary factor weighs in favor of granting Movants' Application.

### B. The Foreign Proceeding Will Be Receptive to the Evidence Sought.

#### 1. Contemplated U.K. Proceeding

The Courts of the United Kingdom are receptive to assistance from U.S. district courts in terms of gathering relevant evidence for use in proceedings before them. IT Limited has previously

cited to the Declaration of Matthew Bunting, Dkt No. 1-9, as an expert declaration on the receptivity of United Kingdom courts to discovery obtained via Section 1782 applications. IT Limited cited multiple cases in which such courts displayed openness to Section 1782 evidence, including *South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.*, [1987] 1 App. Cas. 24, an English case, noting that the "House of Lords [now known as the Supreme Court] ruled that nondiscoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United States under [Section 1782]." Dkt No. 1-9 ¶ 11. Movants rely on the same arguments presented by IT Limited in its original application. Dkt No. 1-1, at 30-31. The second discretionary factor weighs in favor of granting Movants' Application.

2.   <u>ICC Arbitration</u>

Arbitral tribunals administered by the ICC are receptive to Section 1782 evidence. Movants rely on the same arguments presented by IT Limited in its original application. Dkt No. 1-1 at 30. Movants made the additional comment that the receptivity to the Dechert Production in the ICC Arbitration is indicated by the Tribunal's receptivity of every document in the Dechert Production that IT Limited has sought to present thus far. The second discretionary factor weighs in favor of granting Movants' Application.

**C.   Movants Are Not Circumventing Foreign Proof-Gathering Restrictions.**

Similarly, Movants rely on the same arguments presented by IT Limited in its original application. Dkt No. 1-1, at 31-32. The third discretionary factor weighs in favor of granting Movants' Application.

**D.   The Subpoena Is Not Unduly Burdensome.**

The final discretionary factor looks to whether the discovery requests are "unduly intrusive

14

or burdensome." *Intel*, 542 U.S. at 265.  The standard is substantially the same as in ordinary domestic civil litigation under the Federal Rules of Civil Procedure.  *See Bayer AG*, 146 F.3d at 195 ("The reference in § 1782 to the Federal Rules suggests that under ordinary circumstances the standards for discovery under those rules should also apply when discovery is sought under the statute.").

The burden placed on Dechert to produce the Dechert Production to Movants is essentially nonexistent. Dechert has already undergone the process of identifying document custodians and relevant search terms, conducting document searches, producing privilege logs, and litigating privilege issues. The Dechert Production now exists as a defined set of materials, which Dechert can send electronically to Movants in an extremely short period of time. IT Limited argued in its application that "Dechert can likely easily access the files on its systems with virtually no burden whatsoever." Dkt No. 1-1, at 33. If complying with the Court's previous order caused Dechert "virtually no burden," doing what Movants request here – merely sharing the preexisting Dechert Production with Movants – will cause Dechert zero burden at all. The fourth discretionary factor weighs in favor of granting Movants' Application.

## III.   EXPEDITED PRODUCTION OF THE REQUESTED DISCOVERY IS WARRANTED.

In the event the Court grants Movants' Application, Movants respectfully request that the Court direct Dechert to produce responsive documents within 10 days of the Court's order. Expedition of this Application and Movants' time to comply will permit sufficient time for (a) this Court's resolution of Movants' Section 1782 Application; (b) Dechert's review and production of the Dechert Production; (c) Movants' counsel's review of documents produced by Dechert; and (d) Movants' timely submission of relevant documents to the ICC Arbitration. This expedition is important given that closing arguments in the ICC Arbitration are scheduled August 1-2, 2022.

Hunt Decl. ¶ 31.

## **CONCLUSION**

Movants respectfully request that the Court grant their Application and Motion to Expedite.

Dated: July 1, 2022

By:   */s/ Thomas C. Sullivan* _____

Thomas C. Sullivan
MARKS & SOKOLOV LLC
1835 Market Street
Philadelphia, PA 19103
Telephone: (215) 569-8901
Facsimile: (215) 569-8912
tsullivan@mslegal.com

OF COUNSEL:

BOIES SCHILLER FLEXNER LLP
Duane L. Loft*
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2380
dloft@bsfllp.com

*Pro hac vice* application forthcoming

*Attorneys for Movants*

<u>**CERTIFICATE OF SERVICE**</u>

I, THOMAS C. SULLIVAN, hereby certify that on July 1, 2022, I electronically filed the foregoing application using the CM/ECF system, which will send notification to all counsel of record.

<u>*/s/ Thomas C. Sullivan*</u>
Thomas C. Sullivan, Esquire
**Marks & Sokolov, LLC**
*Counsel for Movants*
