**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re Ex Parte Application of IRAQ TELECOM LIMITED, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 19-mc-00175 |

**MARKS & SOKOLOV, LLC AND ATTORNEY DUANE L. LOFT'S CONSENT MOTION TO WITHDRAW AS COUNSEL FOR INTERVENERS MR. SIRWAN SABER MUSTAFA, KOREK INTERNATIONAL (MANAGEMENT) LIMITED AND KOREK TELECOM COMPANY LLC**

Bruce S. Marks, Thomas C. Sullivan and Marks & Sokolov, LLC, (collectively, "**Marks Firm**"), and Attorney Duane L. Loft ("Loft"), admitted *pro hac vice*, move to withdraw as counsel for Interveners, Mr. Sirwan Saber Mustafa, Korek International (Management) Limited and Korek Telecom Company LLC (collectively, "**Interveners**").   Interveners consent to this Motion.

**PRELIMINARY STATEMENT**[1]

Good cause exists for the Marks Firm and Loft to withdraw as counsel for Interveners, who consent to this Motion.

*First*, this 28 U.S.C. § 1782 discovery proceeding was fully and finally adjudicated when the Court granted the applications to take discovery, for which the time to appeal has expired. The Motion to Seal has been withdrawn and Interveners have discharged the Marks Firm and Loft from representation in this proceeding.

*Second,* there is no prejudice to any parties by the Marks Firm and Loft's withdrawal,

---

[1] Unless otherwise stated, all emphases are added, and citations, quotation marks, footnotes, ellipses and brackets are omitted.

because the purpose of their engagement was fulfilled when the Court granted Interveners' application for discovery and the Motion to Seal was withdrawn.

*Third,* withdrawal will not interfere with the administration of justice because the purpose of this Section 1782 discovery proceeding was fulfilled in regard to the Marks Firm and Loft's representation of Interveners.

*Fourth*, withdrawal will not delay this Section 1782 action, because it has already reached final adjudication of Interveners' discovery application and Motion to Seal.

## BACKGROUND

### IT Ltd's §1782 Application

On November 5, 2019, Iraq Telecom Limited, ("IT Ltd"), initiated this 28 U.S.C. §1782 discovery action by filing an *ex parte* Application, (ECF 1-1), for an order to obtain discovery for use, *inter alia,* in an International Chamber of Commerce ("ICC") arbitration, seated in the Dubai International Financial Center ("DIFC"), from Dechert LLP ("Dechert") related to clients of Dechert's London office, with respect to the purchase of UK properties.  On December 5, 2019, the Court authorized IT Ltd to issue a subpoena on Dechert. Order, (ECF 11).  Thereafter, Dechert produced documents, but withheld others, *inter alia*, based on the English law concept of "legal professional privilege" (analogous to attorney/client privilege).  On November 5, 2021, the Court ruled that the documents, with three exceptions, be produced (the "**Documents**").  *See* Opinion, (ECF 50), Order (ECF 51).

### Interveners Engaged The Marks Firm to Seek Section 1782 Discovery

On June 28, 2022, Interveners engaged the Marks Firm to move to intervene in this Section 1782 action and seek discovery of the Documents this Court had previously ordered produced. The scope of engagement did not include representing Interveners in any then future potential

proceeding for recognition or enforcement of a foreign arbitral award. *See* Sullivan Declaration, ¶¶ 1,2, Exh. 1.

### Loft Was Admitted *Pro Hac Vice* In This Section 1782 Proceeding

On July 13, 2022, pursuant to Local Procedure Rule 83.5.2(b), the Court admitted Loft *pro hac vice* into this proceeding, (ECF 87).

### Interveners' Motion to Intervene and Application for Section 1782 Discovery of the Dechert Production and Order Granting Motions

On July 1, 2022, Interveners filed their Motion to Intervene, (ECF 82), and Section 1782 Application for Discovery, (ECF 83), for the purpose of obtaining the previously produced Documents.  *See* Sullivan Declaration, ¶ 3, Exh. 1.  On March 8, 2023, the Court granted Interveners' Motion to Intervene and Section 1782 motion for production of the Documents. Memorandum (ECF 100); Order, (ECF 101).   On March 17, 2023, Dechert produced the Documents.

### The March 20, 2023 Final Award and Motion to Seal

On April 7, 2023, IT Ltd filed via letter, the confidential March 20, 2023 arbitral award ("Final Award").  *See* April 7, 2023 Tahler Letter, (ECF 105) and Final Award, (ECF 105-1 – 105-5).  The Final Award has nothing to do with this Court's prior issued orders granting discovery pursuant to Section 1782. On April 18, 2023, Interveners moved to seal the Final Award on the basis that publishing it was in contravention of DIFC Law which provided that: "Unless otherwise agreed by the parties, all information relating to the arbitral proceedings shall be kept confidential, except where disclosure is required by an order of the DIFC Court."  *See* Interveners' Motion to Seal Confidential Arbitration, (ECF 107).  Interveners withdrew the Motion to Seal on September 22, 2023.

### Interveners Have Discharged the Marks Firm and Loft

Interveners discharged the Marks Firm and Loft because the limited purpose of Interveners' engagement of the Marks Firm and *pro hac vice* appearance of Loft in this proceeding, was achieved when obtaining the March 8, 2023 Order, (ECF 102), to produce the Discovery. Interveners consent to and approve of the withdrawal of their counsel.[2]  *See* Sullivan Declaration, ¶¶ 7-9, Exh. 1.

## ARGUMENT

**I.     GOOD CAUSE EXISTS TO GRANT THE MARKS PARTIES AND LOFT'S MOTION TO WITHDRAW FROM THIS COMPLETED SECTION 1782 DISCOVERY PROCEEDING**

In deciding a motion to withdraw, "[i]t is within the Court's discretion to permit [] counsel to withdraw pursuant to Local Rule 5.1(c), which requires leave of court whenever an attorney seeks to do so without another attorney entering an appearance in its place.  [Courts are] guided in this analysis by Pennsylvania Rule of Professional Conduct 1.16(b),[3] which provides, in relevant part, that a lawyer may withdraw from representing a client."  *Ludwig v. Speedway LLC*, 2021 U.S. Dist. LEXIS 103151, at *5-6 (E.D. Pa. June 2, 2021) (granting withdrawal of counsel).

The Pennsylvania Rules of Professional Conduct provide:

**(a)** Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

**…**
   **(3)** the lawyer is discharged.

**(b)** Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

---

[2] Interveners did not authorize the Marks Firm or Loft to accept service or otherwise consent to the jurisdiction of this Court over Interveners under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, June 10, 1958, as implemented, 9 U.S.C. §§ 201-208, ("Convention") and the Federal Arbitration Act, 9 U.S.C. §§ 1-14, ("FAA"), as related to confirmation of the Final Award.  *See* Sullivan Declaration, ¶ 8, Exh. 1.

[3] Local Rule IV provides that "[t]he Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania."

**(1)** withdrawal can be accomplished without material adverse effect on the interests of the client; **…**

**(6)** the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

**(7)** other good cause for withdrawal exists.

**(c)** A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.

Pa.R.P.C. 1.16.

In determining whether to permit counsel to withdraw, courts often weigh the following factors: "(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." *Velez v. Walczak*, 2020 U.S. Dist. LEXIS 124616, at *1 (E.D. Pa. July 15, 2020) (citing *Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998)).  The Marks Firm and Loft's motion to withdraw should be granted for the following reasons:

### A.  The Section 1782 Discovery Proceeding Has Been Finally Adjudicated, the Motion to Seal Has Been Withdrawn and The Marks Firm And Loft Discharged

*First*, this Section 1782 proceeding has been finally adjudicated.  The March 8, 2023 Order, (ECF 102), granting Section 1782 discovery and ordering Dechert to produce the Documents "constitutes the final resolution of a petition to take discovery in aid of a foreign proceeding under 28 U.S.C. § 1782. … *such an order is the final adjudication of the § 1782 application*, it is immediately appealable under § 1291, regardless of the fact that the suit in another tribunal, to which it relates, remains unadjudicated." *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011). *See XPO Logistics, Inc. v. Elliott Capital Advisors, L.P.*, 673 F. App'x 85, 86 (2d Cir. 2016) (same).  No Section 1782 matters remain pending given the Motion to Seal has been withdrawn.

*Second*, Interveners discharged the Marks Firm and Loft because the limited purpose of

Interveners' engagement of the Marks Firm and appearance by Loft in this proceeding was achieved when obtaining the March 8, 2023 Order, (ECF 102), to produce the Discovery.

*Third*, the Marks Firm would sustain undue hardship having to remain in this proceeding as any further legal services are outside the scope of their engagement agreement; Interveners discharged the Marks Firm; and the Marks Firm has no retainer for future services.

*Fourth*, Interveners discharged Loft related to this proceeding.

### B.  There Is No Prejudice To Any Parties To The Section 1782 Proceeding

No parties will suffer prejudice from the Marks Firm and Loft's withdrawal.  This Section 1782 proceeding has been finally adjudicated, and there are no remaining disputes between Interveners and IT Ltd regarding the discovery applications.  IT Ltd's Motion for Costs, (ECF 59), has nothing to do with Interveners.

### C.  Withdrawal Will Not Interfere With The Administration Of Justice

Withdrawal of the Marks Firm and Loft will not interfere with the administration of justice. The administration of justice was completed between IT Ltd and Interveners when this Court ordered production of the Discovery.

### D.  Withdrawal Will Not Delay This Action In Which A Final Appealable Judgment Has Been Entered

Withdrawal of the Marks Firm and Loft will not delay this Section 1782 proceeding, because there has been a final adjudication of all Section 1782 discovery applications, which was final and appealable long ago.

### CONCLUSION

For the foregoing reasons, the Court should grant the Marks Firm and Loft's motion to withdraw as counsel for Interveners.

Dated: September 22, 2023

By:   */s/ Thomas C. Sullivan*
Bruce S. Marks
Thomas C. Sullivan
**MARKS & SOKOLOV LLC**
1835 Market Street
Philadelphia, PA 19103
Telephone: (215) 569-8901
Facsimile: (215) 569-8912
tsullivan@mslegal.com

By:   */s/ Duane L. Loft*
DUANE L. LOFT
*Admitted Pro Hac vice*

*Attorneys for Movants/Interveners*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas Sullivan, certify that on September 22, 2023, I caused a true and correct copy of

the foregoing  Motion to Withdraw as Counsel for Interveners, to be electronically filed using the

CM/ECF system, which will send notification to all counsel of record.


<u>*/s/ Thomas C. Sullivan*</u>
Thomas C. Sullivan, Esquire
**Marks & Sokolov, LLC**
*Counsel for Interveners*


8