IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IRAQ TELECOM LIMITED, PETITIONER, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING. | Case No. 19-mc-00175 |

### IRAQ TELECOM LIMITED'S
### OPPOSITION TO MOTION TO WITHDRAW

Applicant-Petitioner Iraq Telecom Limited ("**Iraq Telecom**") submits this brief in opposition to the Motion of Bruce S. Marks, Thomas C. Sullivan, Marks & Sokolov, LLC, and Duane L. Loft ("**Counsel**"), Counsel for Intervenors Sirwan Saber Mustafa ("**Mr. Barzani**"), Korek International (Management) Limited ("**CS Ltd.**"), and Korek Telecom Company LLC ("**Korek**") (collectively, "**Intervenors**"), to withdraw as counsel from this case (ECF 121, "**Mot.**").

### PRELIMINARY STATEMENT

Counsel's Motion is a transparent and belated attempt to avoid enforcement against Intervenors of an arbitration award worth over $1.65 billion ("**Award**"). The Motion apparently is designed to set up a basis to indirectly challenge service and this Court's jurisdiction over Iraq Telecom's pending, unopposed motion to confirm the Award and for entry of a final money judgment against Intervenors. Granting Iraq Telecom's motion to confirm effectively will moot Counsel's Motion to withdraw and avoid unnecessary, prejudicial delay. The Court should reject this transparent gamesmanship and either (1) deny the Motion, (2) defer ruling on it until the Court rules on Iraq Telecom's motion to confirm the Award and enters final judgment, or, at a minimum, (3) order that Intervenors secure substitute counsel.

Counsel seeks to withdraw from representing actors who engaged in breathtaking fraud, bribery, and corruption to deprive Iraq Telecom of its billion-dollar investment in Korek. *See, e.g., Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263, 267, 274 (2d Cir. 2022) (noting that "the district court found that Barzani was the principal wrongdoer" in the scheme perpetrated against Iraq Telecom); *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 2022 WL 827094, at *2 (S.D.N.Y. Mar. 16, 2022) (noting finding in Award that "Barzani's knowledge of [the] deceit should be imputed to [] Korek"), *aff'd in part, vacated in part on other grounds,* 43 F.4th 263 (2d Cir. 2022). Iraq Telecom obtained key evidence of Intervenors' malfeasance early in this proceeding. Intervenors then made a full and unqualified appearance through Counsel, thereby submitting themselves to the Court's jurisdiction, and requested and obtained the evidence as well. ECF 81, 86, 87, 102. That evidence formed the cornerstone of the Award issued by the tribunal in the ICC Arbitration against Intervenors on March 20, 2023, as the detailed factual findings in that Award (ECF 115-3) make clear. Weeks later, Intervenors again sought relief through Counsel by moving the Court to seal the Award from public view as a means to mask their fraud, and Counsel made a full appearance on behalf of Intervenors. ECF 107, 111.

While Intervenors' own motion to seal was pending, on July 3, 2023, Iraq Telecom moved to confirm the Award against Intervenors. ECF 115. As is standard and fully authorized by the applicable rules where a party is represented by counsel, Intervenors were notified of the motion to confirm via the Court's ECF system. Intervenors never opposed Iraq Telecom's confirmation motion, and it remains ripe for resolution on default. Now, after three months of silence, Intervenors ostensibly have directed Counsel to withdraw in what is a transparent effort to avoid enforcement of the Award by relying on Counsel's withdrawal to later argue that service on them was not perfected and that this Court lacks jurisdiction over the Award.

The Court should not allow this gamesmanship. Intervenors have availed themselves of this Court on multiple occasions. They have also waived the right to submit any opposition to Iraq Telecom's motion to confirm the Award, and so there is nothing left for this Court to do but confirm the Award on default and enter judgment. The Court should not allow Intervenors' Counsel to withdraw without substitute counsel before this matter is concluded through confirmation and entry of judgment.

## ARGUMENT

The Court should reject Counsel's Motion or, in the alternative, order that Intervenors secure substitute counsel until the Court rules on the motion to confirm the Award and enters final judgment. The circumstances prohibit Intervenors from proceeding without representation, whereas Counsel would not be prejudiced by requiring their representation for the short time until this Court enters judgment confirming the Award. While "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal," *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014), all of the factors that Counsel cites in their Motion weigh *against* allowing them to withdraw unless Intervenors obtain substitute counsel, *see* Mot. at 5.

*First*, given that two Intervenors are corporate entities, which are prohibited from proceeding *pro se* in federal court, Counsel's withdrawal could significantly delay the Court's entry of judgment confirming the Award unless substitute counsel is appointed as a condition of withdrawal. *Perrong v. GBR Fin. Servs., LLC*, No. CV 21-4937, 2021 WL 6051565, at *1 (E.D. Pa. Dec. 21, 2021) ("It has been well established . . . that a corporate entity, unlike an individual, cannot appear *pro se* and represent itself. It must be represented by counsel."); *Totalfacility, Inc. v. Dabek*, No. CV 14-5324, 2016 WL 7450465, at *2 (E.D. Pa. Dec. 27, 2016) (denying withdrawal

from representation because the "Court's ability to administer the case speedily and efficiently would be significantly hampered by [the] withdrawal"); *see also Walacavage v. Excell, 2000, Inc.*, 480 A.2d 281, 285 (Pa. Sup. 1984).

*Second*, Counsel's Motion is an overt and improper attempt to set up a challenge to the Court's jurisdiction over the Award and Iraq Telecom's motion to confirm it. Mot. at 5. Counsel's arguments in support of withdrawal rest on the false premise that there were no pending matters for the Court to resolve in this proceeding after their discovery application was granted (*id.* at 5-6) even while they acknowledge that Iraq Telecom's motion to confirm the Award remains pending (*id.* at 4 n.2). In other words, Counsel tacitly implies that the Court lacks jurisdiction to grant Iraq Telecom's motion because the discovery matter had concluded. *Id.* at 5. But Intervenors do not dispute that a petitioner can bring such an enforcement motion in an ancillary proceeding that is in aid of the arbitration, and that the court in such a proceeding has jurisdiction to enter final judgment. *See, e.g.*, *Linsen Int'l Ltd. v. Humpuss Sea Transp. PTE LTD*, No. 09 CIV. 10393 GBD, 2011 WL 1795813, at *2 (S.D.N.Y. Apr. 29, 2011) (confirming that courts in Section 1782 proceedings have jurisdiction to confirm related foreign arbitration awards under the Federal Arbitration Act, and entering judgment confirming award); *Ario v. Cologne Reinsurance (Barbados), Ltd.*, No. CIV. 1:CV-98-0678, 2009 WL 3818626, at *10 (M.D. Pa. Nov. 13, 2009) (granting motion to confirm arbitration award in ancillary proceeding in aid of the arbitration); *R.M.F. Glob., Inc. v. Cattan*, No. 04CV0593, 2006 WL 544294, at *3 (W.D. Pa. Mar. 6, 2006) (same); *SK Shipping Co. v. Cetrotek Holding Ltd.*, No. 08 CIV. 3905 (SHS), 2009 WL 4884097, at *1 (S.D.N.Y. Dec. 16, 2009) (same). Indeed, Intervenors ignore that they themselves appointed Counsel, entered this case, and sought relief (ECF 81-84) well *after* the Court had granted Iraq Telecom's application for discovery (ECF 11). Further, Intervenors have failed to oppose Iraq

Telecom's motion to confirm and thus do not dispute—and have never disputed—that the Court should grant Iraq Telecom's motion to confirm. Thus, all that remains is for the Court to grant that motion and enter final judgment confirming the Award.

Counsel's assertion (Mot. at 5-6) that withdrawal is appropriate because "the limited purpose of Interveners' engagement of the Marks Firm and appearance by Loft was achieved when obtaining the March 8, 2023 Order, (ECF 102), to produce discovery" is irrelevant and belied by the facts. Indeed, *Counsel Marks made a full appearance on behalf of Intervenors six weeks later*, on April 20, 2023. ECF 111. Counsel's statement would mean that Counsel Marks' appearance, Intervenors' "emergency" motion to seal the Award filed on April 18, 2023 (ECF 107), their notice of withdrawing that motion filed on September 22, 2023 (ECF 120), and all of Intervenors' other filings after March 8, were filed by Counsel without consent or authorization.

Similarly, Counsel's statement that Intervenors (who Counsel claims to no longer represent here) have not "consented to the jurisdiction of this Court . . . as related to confirmation of the [] Award" is a *post hoc* attempt to walk back the record. Intervenors cannot use their Motion to create a false narrative to use in later collateral attacks on the judgment. On the other hand, to the extent this is really a direct argument against the pending motion for confirmation of the Award and entry of judgment, it is entirely untimely, as Intervenors' deadline to oppose Iraq Telecom's motion was July 17, 2023. *See* ECF 118 (Iraq Telecom's letter to Court). Thus, Intervenors not only missed their deadline to oppose, but are now over two months late.

In any event, it's wrong. "[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019). Here, Intervenors broadly submitted to the Court's personal jurisdiction over them in

5

relation to the subject matter of the Award by intervening in this proceeding and affirmatively requesting relief, including discovery in aid of the arbitration and sealing of the Award. *See id.*; *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (parties submit to personal jurisdiction when they "demonstrate[] a willingness to engage in extensive litigation in the forum."); *Olympic Sports Data Servs., Ltd. v. Maselli*, No. MISC.07-117, 2009 WL 693629, at *3 (E.D. Pa. Mar. 16, 2009) ("A [party's] initiation of litigation can be described as nothing less than a demonstrated willingness to engage in actual litigation in the forum."); *Patton Boggs LLP v. Chevron Corp.*, No. CIV.A. 12-901 ES CLW, 2012 WL 6568461, at *3 (D.N.J. July 18, 2012) (holding that personal jurisdiction is appropriate in a federal district where a party has "availed itself of that District with regard to multiple matters arising from this ongoing legal dispute" including a Section 1782 application); *see also In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 786-87 (S.D.N.Y. 2010) (detailing that by virtue of intervening in a Section 1782 proceeding, the intervenor "subjected themselves to the personal jurisdiction of this Court"). Indeed, this Court has confirmed that Intervenors' requests for relief "arise out of the same transaction that was the subject of Iraq Telecom's initial Section 1782 Application: the alleged fraud perpetrated against Iraq Telecom through their investment in Korek." ECF 101 at 4. Accordingly, this Court has personal jurisdiction over Intervenors with respect to all claims arising out of that transaction, including confirmation of the Award, and Counsel's withdrawal from this proceeding would not change that.

      Thus, Counsel's Motion appears to be a calculated, last-ditch effort to circumvent enforcement of the Award by indirectly challenging jurisdiction now that Intervenors' time to oppose it on the merits has long passed and the entry of judgment appears imminent. *See* Mot. at 4 n.1, 5-6; ECF 118, 119 (request for default). Counsel, notably, offers no other explanation for

the timing of their Motion. And a party cannot legitimately direct counsel to withdraw from a proceeding in order to avoid the entry of judgment against that party. *See, e.g.*, *Meyer v. Mittal*, No. 3:21-CV-00621-HZ, 2022 WL 1000774, at *3 n.3 (D. Or. Apr. 4, 2022) (detailing that purposeful withdrawal to avoid service supports a finding of alternative service). Indeed, parties who continually attempt to evade enforcement of a valid arbitration award, like Intervenors, would have no compunction about engaging in sharp litigation tactics.

*Third*, Counsel's related assertion (Mot. at 4 n.2) that they were not authorized to accept service of Iraq Telecom's motion to confirm the Award is farcical. Counsel made a full and unqualified appearance on behalf of Intervenors, and Intervenors filed substantive motions in this proceeding, including to obtain discovery and to seal the Award. *See, e.g.*, ECF 81, 83, 86, 87, 102, 104, 106, 107, 111. Under Federal Rule of Civil Procedure 5(b)(2)(E), if a party represented by counsel fully appears in a proceeding, service on that party is perfected by filing through the court's electronic filing system. Iraq Telecom filed its motion to confirm the Award (ECF 115) and corresponding certificate of service (EFC 115-9) via the court's electronic filing system while Intervenors were represented by Counsel and had their own substantive motion pending (ECF 107). Therefore, Intervenors have been properly served. Indeed, Counsel have similarly used the Court's electronic filing system to perfect service. *E.g.*, ECF 81 at 2, ECF 111 at 2 (Marks Firm's certificates of service appended to full appearances on behalf of Intervenors). Moreover, both Intervenors and Counsel are clearly aware of Iraq Telecom's motion to confirm the Award given that Counsel references it in their Motion to withdraw and declaration. ECF 121 at 4; ECF 121-1 ¶ 8. In any event, Counsel's Motion is not the proper procedure to challenge service, and the time for any such challenge elapsed long ago. If Counsel were truly not authorized to accept electronic

service of the Award, they would, undoubtedly, have notified the court immediately upon Iraq Telecom's filing of the Award.

*Fourth*, Iraq Telecom would be prejudiced by Counsel's withdrawal before the Court rules on the motion to confirm the Award. Having made a full and unqualified appearance on behalf of Intervenors, Counsel are obligated to remain (or Intervenors must obtain substitute counsel) in this proceeding until the entry of final judgment. Iraq Telecom relied on Counsel's general appearance and litigation conduct when deciding to prepare and file its motion to confirm the Award here. Now that final judgment confirming the Award is imminent, "withdrawal of counsel at this point will simply delay the action further to the prejudice of the opposing party." *Totalfacility*, 2016 WL 7450465, at *2 (citation omitted). On the other hand, given that Intervenors have already defaulted on and waived any opposition to Iraq Telecom's motion to confirm, Counsel "will not be significantly burdened by continuing their representation through the" entry of judgment. *Id.* (denying withdrawal). Thus, the Court should grant Iraq Telecom's motion and enter judgment, whereupon Counsel could withdraw from this proceeding.

*Finally*, "[i]t would be harmful to the administration of justice to allow counsel to withdraw with dispositive motions pending." *Stevenson v. Rosemont Coll. of the Holy Child Jesus*, No. 08-cv-1833, 2008 WL 5378153, at *1 n.7 (E.D. Pa. Dec. 23, 2008). Iraq Telecom's motion to confirm the Award is pending, and thus Counsel's withdrawal could delay the Court's ruling on that motion and enforcement of the Award against Intervenors. Further, the Award finds Intervenors liable for engaging in corruption, bribery, and fraud on a massive scale to the end of destroying Iraq Telecom's billion-dollar investment in Korek. *See* ECF 115-3, Award § H ¶¶ 35-36, 124, 144, 146, 175, 184, 195, 203; *see also Iraq Telecom*, 2022 WL 827094, *aff'd*, 43 F.4th 263. Therefore, enforcement of the Award against Intervenors furthers the interests of fairness and the equitable

administration of justice for Iraq Telecom, as well as U.S. public policy against bribery and corruption.  *See also* ECF 115 at 14.  It also supports the strong federal policy in favor of disallowing parties to evade rightful judgments.  Allowing Intervenors to proceed unrepresented would delay those goals and undermine the administration of justice.

## **CONCLUSION**

For the foregoing reasons, the Court should either deny Counsel's Motion to withdraw, defer ruling on Counsel's Motion until the Court rules on Iraq Telecom's motion to confirm the Award and enters final judgment, or order Intervenors to retain substitute counsel.

DATED: October 6, 2023                    Respectfully submitted,

*/s/ Kristin N. Tahler*

James Sandnes (PA Bar Number: 41721)
SKARZYNSKI MARICK & BLACK, LLP One Battery Park Plaza
New York, New York, 10004
(212) 820-7700
jsandnes@skarzynski.com

Kristin N. Tahler (admitted pro hac vice)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000 kristintahler@quinnemanuel.com

Katy Akopjan (admitted pro hac vice)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 katyakopjan@quinnemanuel.com

Gregg Badichek (admitted pro hac vice)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I St NW, #900
Washington, D.C. 20005
(202) 538-8000 greggbadichek@quinnemanuel.com