# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF IRAQ TELECOM LIMITED FOR AN EXPEDITED ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C § 1782 | Miscellaneous No. 19-175 |

## MOVANTS' REPLY IN SUPPORT OF CONSENT MOTION TO WITHDRAW AS COUNSEL FOR INTERVENERS

### PRELIMINARY STATEMENT[1]

Movants Bruce S. Marks, Thomas C. Sullivan and Marks & Sokolov, LLC, (collectively, "**Counsel**"), file this Reply to address new arguments and cases raised in the Opposition of Iraq Telecom Limited ("**IT Ltd**"), ECF 123, to their Motion to Withdraw ("**Opposition**"), ECF 121. Once again, rather than addressing the relevant facts and legal issues, IT Ltd makes repeated *ad hominem* attacks, now on Counsel.

Counsel were engaged to represent Interveners to obtain discovery in this §1782 action. After the Court granted the motion to intervene and take discovery, *see* March 8, 2023 Order, ECF 102, their engagement would have terminated, but for IT Ltd's unauthorized filing of confidential information from the underlying Dubai International Financial Center ("**DIFC**") arbitration, ECF 105, which prompted Interveners to file an Emergency Motion to Seal, ECF 107. After IT Ltd filed its Motion to Confirm the Arbitration Award, ("**Confirmation Motion**"), which attached the Award itself, ECF 115, Interveners' sealing motion was effectively mooted and withdrawn, ECF 121.

---

[1] Unless otherwise stated, all emphases are added, and citations, quotation marks, footnotes, ellipses and brackets are omitted.

1

This Motion to Withdraw which followed is not a "transparent and belated attempt" to do anything, contrary to IT Ltd's charge. Nor does it involve "transparent gamesmanship" by Counsel (as opposed to IT Ltd). Rather, it is a proper request, because the purpose of their engagement has terminated, and Interveners no longer want or need their services. IT Ltd's allegations of gamesmanship are based on false and irrelevant arguments. Contrary to IT Ltd, *inter alia*, (1) this Court has no ancillary subject matter jurisdiction within a §1782 proceeding to confirm an arbitration award; (2) IT Ltd has not sufficiently alleged personal jurisdiction over Interveners; and (3) IT Ltd has not effectuated service over Interveners as required under 9 U.S.C. §9. Even if IT Ltd is correct on any of these points, all factors governing withdrawal are still satisfied, because Counsel's presence is not necessary to grant the relief IT Ltd has sought. The Motion should be granted.

## ARGUMENT

### I. COUNSEL SATISIFED THE FACTORS GOVERNING MOTIONS TO WITHDRAW BY CONSENT

In deciding a motion to withdraw, "[i]t is within the Court's discretion to permit [] counsel to withdraw pursuant to Local Rule 5.1(c), which requires leave of court whenever an attorney seeks to do so without another attorney entering an appearance in its place." *Ludwig v. Speedway LLC*, 2021 U.S. Dist. LEXIS 103151, at *5-6 (E.D. Pa. June 2, 2021) (granting withdrawal). However, "when the law firm serves no meaningful purpose, it is ***entitled*** to withdraw … it would be an abuse of discretion to deny its motion to withdraw … The point at which the law firm no longer serves a meaningful purpose in the case marks the outer boundary of the District Court's discretion because withdrawal would be required at that point." *Ohntrup v. Makina ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014) (affirming withdraw because law firm ceased to serve a "meaningful purpose.")

### A. Interveners Have Discharged Counsel Because Their Engagement Is Completed

Interveners discharged Counsel because their continued presence serves no meaningful purpose in this § 1782 proceeding. The March 8, 2023 Order, ECF 101, granted Interveners' discovery application. Thus, this matter effectively ended because "orders granting applications for discovery under § 1782 are considered final adjudications … issuance of the order concludes all proceedings before the issuing district court." *Mangouras v. Boggs*, 740 F. App'x 757, 758 (2d Cir. 2018). *See also Boeing Co. v. Ferguson (In re Comair Ltd. (In Bus. Rescue))*, 2023 U.S. Dist. LEXIS 6146, at *7 (S.D.N.Y. Jan. 12, 2023) ("§ 1782(a) discovery orders constitute[] the final resolution of a petition to take discovery in aid of a foreign proceeding."). While the matter briefly continued for Interveners when they filed their motion to seal, it has been withdrawn. Nothing is left for Interveners or their counsel to do related to § 1782 discovery. Counsel's presence is irrelevant to the relief sought by IT Ltd.

### B. There is No Prejudice to IT Ltd

IT Ltd conspicuously fails to allege how it would be prejudiced by Counsel's withdrawal. *See* Opposition, p. 8, ECF 123. Rather, IT Ltd, in conclusory terms, argues Counsel are "obligated to remain … in this [§1782] proceeding until the entry of final judgment." *Id.* However, as set forth above, this §1782 case is over for Interveners.[2] IT Ltd can suffer no prejudice, because there is no remaining dispute involving Interveners related to discovery. *See Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160 (3d Cir. 2007) (holding law firm entitled to withdraw after judgment, rejecting argument that non-movants would suffer prejudice because the law firm was purportedly "necessary in the execution stage").

---

[2] IT Ltd's reliance upon *Totalfacility, Inc. v. Dabek*, 2016 U.S. Dist. LEXIS 179077 (E.D. Pa. Dec. 27, 2016) are *Stevenson v. Rosemont Coll. of the Holy Child Jesus*, 2008 U.S. Dist. LEXIS 103554 (E.D. Pa. Dec. 23, 2008) is misplaced because these are not §1782 proceedings and the Courts kept counsel in the cases to deal with pending motions over which the Courts had subject matter jurisdiction, unlike here, and for which counsel had ostensibly entered their appearances, unlike here.

### C. Withdrawal Does Not Interfere With the Administration of Justice

Contrary to IT Ltd, Counsel's withdrawal does not interfere with the administration of justice because the orderly proceedings are not interrupted. As explained below, this Court lacks ancillary subject jurisdiction over the Confirmation Motion, IT Ltd has not sufficiently alleged personal jurisdiction over Interveners, and service has not been effected. Counsel's presence is not necessary to deny the Confirmation Motion. Even, assuming, *arguendo*, IT Ltd has established required jurisdictional factors, including service, Counsel's presence is not necessary to grant confirmation of the Arbitral Award. The individual Interveners are not required to have counsel, and if the corporate Intervener does not engage counsel, the Court can grant confirmation by default. As *Dettmering v. VBit Techs. Corp.*, 2023 U.S. Dist. LEXIS 96718, at *4 (D. Del. June 2, 2023) explained in granting withdrawal, "there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel. ... The failure of a corporate defendant to retain licensed counsel within the time frame ordered by the court may result in the entry of default in appearance and/or default judgment under Federal Rule of Civil Procedure 55."

### D. Withdrawal Will Not Delay This Proceeding

Withdrawal of Counsel will not delay this §1782 proceeding, because there has been a final adjudication of all discovery applications long ago. In addition, withdrawal imposes no delays on anything, because if the Court has subject matter and personal jurisdiction, and service has been effected, the Court could confirm the Arbitral Award regardless of whether Interveners' counsel remain. Further, IT Ltd cites no case holding that a Court can force a party to engage counsel. To the contrary, if the corporate Intervener chooses not to be represented by counsel, the Court can grant relief by default. *See Dettmering, supra.; Greene v. Rubin*, 1995 U.S. Dist. LEXIS 18121, *3 (E.D. Pa. Dec. 4, 1995) (granting withdrawal because "the withdrawal does not at this time appear that it will impose a significant delay in the resolution of the case").

***Thus,*** based on the applicable standards, the Motion should be granted.

## II. IT LTD'S ARGUMENTS THAT COUNSEL IS ENGAGING IN GAMESMANSHIP BY SEEKING TO WITHDRAW ARE BASELESS AND IRRELEVANT

IT Ltd opposes withdrawal because it filed the Confirmation Motion pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "Convention"), as implemented by 9 U.S.C. §§ 201-208, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14. It argues the corporate Intervener must have counsel, and the withdrawal motion "is an overt and improper attempt to set up a challenge to the Court's jurisdiction over the Award and [IT Ltd's] motion to confirm it." Opposition, p. 4, ECF 123. IT Ltd asserts that it "can bring such an enforcement motion in an ancillary proceeding that is in aid of the arbitration, and that the court in such a proceeding has jurisdiction to enter final judgment." Opposition, p. 4, ECF 123. Based on these arguments, it accuses Counsel of gamesmanship. Nothing could be further from the truth, factually or legally.

### A. There is No Gamesmanship Because Courts In §1782 Proceedings Have No Ancillary Subject Matter Jurisdiction To Confirm A Foreign Arbitral Award

IT Ltd invoked subject matter jurisdiction pursuant to §1782, which is limited to discovery proceedings. It now purports to invoke ancillary subject matter jurisdiction over its Confirmation Motion. *See Fid. & Cas. Co. v. Tex. E. Transmission Corp. (In re Tex. E. Transmission Corp.)*, 15 F.3d 1230, 1236 (3d Cir. 1994) (explaining concept of ancillary subject matter jurisdiction). Needless to say, a court may not act without subject matter jurisdiction. "Subject-matter jurisdiction is the general term for the power of a federal court to consider the merits of a given case. … Federal courts are courts of limited jurisdiction, empowered to hear only those cases and controversies which are within the judicial power". *Jones v. Omni Bank*, 1998 U.S. Dist. LEXIS 17194, at *11 (E.D. Pa. Oct. 29, 1998) (granting motion to dismiss for lack of subject matter jurisdiction.) Here, there can be no gamesmanship, because there is no jurisdiction.

5

***First,*** "[i]n determining the reach of the federal court's ancillary [subject matter] jurisdiction, [the Supreme Court has] cautioned against the exercise of jurisdiction over proceedings that are entirely new and original, … or where the relief [sought is] of a different kind or on a different principle than that of the prior decree." *Peacock v. Thomas*, 516 U.S. 349, 357 (1996) (affirming district court lacked jurisdiction because "the relief [sought is] of a different kind or on a different principle than that of the prior decree. … ancillary jurisdiction could not properly be exercised … This action is founded … upon entirely new theories of liability"). Here, there is no "gamesmanship" because the Confirmation Motion is an entirely new claim based on an entirely different theory of jurisdiction – the FAA – precluding ancillary jurisdiction. Further, the Confirmation Motion purports to convert the Interveners as persons seeking §1782 discovery into defendants in a confirmation proceeding, an equally impermissible application of ancillary jurisdiction.[3] IT Ltd's proper recourse was to file the Confirmation Motion in a new proceeding under § 9 of the FAA.

***Second***, ancillary enforcement jurisdiction does not "extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." *Peacock*, 516 U.S. at 357. There is no "gamesmanship" because there is no ***existing federal judgment*** for this court to exercise ancillary jurisdiction to enforce. If a "court [] lacks ancillary jurisdiction to enforce [a] settlement agreement", it plainly lacks ancillary jurisdiction to confirm an arbitral award. *Ramos v. Bedden*, 2015 U.S. Dist. LEXIS 36475, at *4 (E.D. Pa. Mar. 23, 2015) (denying enforcement).

***Third***, there is also no "gamesmanship" by Counsel because no cases cited by IT Ltd stand

---

[3] *See In re Cmty. Bank N. Va. Mortg. Lending Practices Litig.*, 911 F.3d 666, 673 (3d Cir. 2018) (reversing exercise of ancillary jurisdiction because "the disputed issue did not arise as a matter of necessity from anything that occurred in the … proceedings"); *Port Auth. of N.Y. & N.J. v. Tully Constr. Co.*, 2013 U.S. Dist. LEXIS 206266, *9 (E.D.N.Y. May 15, 2013) (granting Rule 12(b)(1) dismissal because "[p]laintiff's claims raise an independent controversy … the court concludes that it lacks ancillary jurisdiction to consider its claims").

for the proposition that a Court can exercise ancillary subject matter jurisdiction in a §1782 matter against non-defendants/non-resident discovery applicants, like Interveners. Contrary to IT Ltd's assertion, *Linsen Int'l, Ltd. V. Humpuss Sea Transp. PTE Ltd.*, 2011 U.S. Dist. LEXIS 48198 (S.D.N.Y. Apr. 29, 2011) does not "confirm" that courts in a §1782 proceeding have "jurisdiction to confirm related arbitration awards." *See* Opposition, p. 4, ECF 123. Inexplicably, the petitioner Linsen "sought enforcement of [an English Court issued Mareva] injunction … pursuant to 28 U.S.C. §1782(a)," *id.* at *3, which of course is not remotely within the grant of authority under § 1782.[4] The Court's decision in *Linsen,* never considered or held that it could exercise subject matter jurisdiction to confirm a foreign arbitral award in a § 1782 proceeding. Rather, the Court's "summary and unexplained jurisdictional ruling … [is a] drive-by jurisdictional ruling, in which jurisdiction has been assumed by the parties, and assumed without discussion by the court, [and] does not create binding precedent." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 251 (3d Cir. 2016) (affirming dismissal for lack of subject matter jurisdiction.)[5] IT Ltd's other cases are equally inapposite because they are not §1782 proceedings and ancillary jurisdiction was not at issue.[6]

***In sum,*** Counsel is not engaging in gamesmanship; to the contrary, this Court lacks subject matter jurisdiction to consider the Confirmation Motion.

---

[4] *See Matos v. Reno*, 1996 U.S. Dist. LEXIS 11748, at *7 (S.D.N.Y. Aug. 15, 1996) (Dismissing motion for an injunction because §1782 "does not create any right of action or confer subject matter jurisdiction. Section 1782(a) merely grants district courts the power to order the taking of evidence and to appoint a commissioner to oversee that task.")

[5] *See also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91, 118 (1998) ("We have often said that drive-by jurisdictional rulings … have no precedential effect.")

[6] *See Ario v. Cologne Reinsurance (Barbados), Ltd.*, 2009 U.S. Dist. LEXIS 106133 (M.D. Pa. Nov. 13, 2009) (Court exercised subject matter jurisdiction under FAA to compel arbitration and then enforce the award); *R.M.F. Glob., Inc. v. Cattan*, 2006 U.S. Dist. LEXIS 8584 (W.D. Pa. Mar. 6, 2006) (same); *SK Shipping Co. v. Cetrotek Holding Ltd.*, 2009 U.S. Dist. LEXIS 117897, at *1 (S.D.N.Y. Dec. 16, 2009) (Court exercised direct subject matter jurisdiction to issue a maritime attachment order pending arbitration in New York, and later confirmed the arbitration award.)

### B. There is No Gamesmanship Because The Court Lacks Threshold Personal Jurisdiction Over Interveners Related To the Confirmation Motion

There is no "gamesmanship" because the Confirmation Motion does not *prima facie* allege the necessary facts for personal jurisdiction. "Pursuant to the Due Process Clause of the Fourteenth Amendment, *in personam* jurisdiction may [only] be asserted over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Telcordia,* 458 F.3d at 177, *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"The inquiry as to whether specific jurisdiction exists has three parts. *First*, the defendant must have 'purposefully directed [its] activities' at the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (applying the minimum contacts test.) *Second*, "[t]he plaintiffs' claims must also 'arise out of or relate to' at least one of those contacts." *O'Connor,* 496 F.3d at 318, *citing Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 (1984). "*[T]hird*, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor,* 496 F.3d at 317*, quoting Burger King*, 471 U.S. at 476. "[T]he New York Convention does not diminish the Due Process constraints in asserting jurisdiction over a nonresident alien [regarding a foreign arbitral award, and the Court must consider] whether [Interveners] 'reasonably anticipate(d) being hauled into' a [Pennsylvania] court." *Telcordia Tech, Inc. v. Telkom SA Ltd*, 458 F.3d 172, 178-79 (3d Cir. 2006) (analyzing minimum contacts necessary in order to confirm foreign arbitral award).[7]

"The Convention and the FAA authorize the exercise of subject matter jurisdiction but not

---

[7] *See also*, *Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*, 582 F.3d 393, 398 (2d Cir. 2009) (affirming dismissal of petition to confirm foreign arbitral award, because "the district court did not err by treating [personal] jurisdiction over either SOCAR or SOCAR's property as a prerequisite to the enforcement of Frontera's petition [to confirm foreign arbitral award]").

8

personal jurisdiction. Personal jurisdiction must be based on a defendant's person or property." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1128 (9th Cir. 2002) (affirming dismissal of application to confirm foreign arbitral award for lack of personal jurisdiction). Here, IT Ltd makes no allegations sufficient to establish personal jurisdiction.

1. **IT Ltd Has Not Alleged Interveners Purposefully Availed Themselves Of This Forum By Satisfying the "Minimum Contacts" Test**

There is no "gamesmanship" regarding withdrawal of Counsel because IT Ltd does not allege that Interveners directed any activities at this forum. To the contrary, IT Ltd alleges the underlying dispute arose in and was centered in Iraq. *See* Confirmation Motion, pp. 3-6, (ECF 115-1). In any case, Counsel's presence is irrelevant to IT Ltd establishing personal jurisdiction.

2. **IT Ltd Has Not Alleged A Connection Between This Forum And The Claims At Issue**

There is no "gamesmanship" regarding the withdrawal of Counsel because "[s]ettled principles of specific jurisdiction control this case. For a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 256 (2017).

***First***, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id.* IT Ltd alleges no minimum contacts or activities of Interveners in this forum giving rise to the arbitration. Nor could it: the dispute between the parties began in 2013 over a loan and the DIFC Arbitration was commenced in March 2020. *See* Confirmation Motion, pp. 3-7, ECF 115-1. By contrast, Interveners first appeared in this Section 1782 proceeding more than two years later on July 1, 2022. *See* Motion to Intervene, ECF 82.

***Second***, IT Ltd alleges Intervener's sole contact with this forum is intervening and appearing, through counsel, to obtain §1782 discovery. *See* Confirmation Motion, p. 7, ECF 115-

1. This clearly cannot be considered "continuous activity of some sorts within a state, [and] … is not enough to support the demand that [they] be amenable to suits unrelated to that activity." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) (holding sporadic contacts insufficient to support personal jurisdiction).

***Finally***, none of the cases cited by IT Ltd remotely hold that a non-defendant/non-resident party entering an appearance in a §1782 proceeding "broadly submitted to the Court's personal jurisdiction" for a wholly new unrelated causes of actions.[8]

### 3. IT Ltd Has Not Alleged Interveners Could Reasonably Anticipate Being Haled Into Court In This Jurisdiction

Once the above two issues are addressed, the Court must determine "whether the defendant had minimum contacts with the forum such that it would have reasonably anticipated being haled into court there." *Burger King,* 471 U.S. at 472. "[F]oreseeability … is critical to due process." *Id*. at 474.

There is no "gamesmanship" regarding withdrawal of Counsel because Interveners could not reasonably anticipate being haled into Pennsylvania to defend against the Confirmation Motion because no Pennsylvania entity was involved in the foreign arbitration and no conduct giving rise to the arbitration occurred in Pennsylvania. IT Ltd does not allege Interveners have any assets within the District. In *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208 (4th Cir. 2002), the Fourth Circuit affirmed dismissal of petition to confirm foreign

---

[8] In *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98 (3d Cir. 2019), the Court held defendant "shipowners unequivocally waived their personal jurisdiction defenses" by agreement with the Court. In *Olympic Sports Data, Ltd. v. Maselli*, 2009 U.S. Dist. LEXIS 21267, at *11 (E.D. Pa. Mar. 16, 2009), the plaintiff initiated the litigation over domain names and was required to defend against related claims. In *Patton Boggs LLP v. Chevron Corp.*, 2012 U.S. Dist. LEXIS 178841 (D.N.J. July 18, 2012), the Court transferred venue to the Southern District of New York where Chevron, as a plaintiff, had already commenced related litigation in the infamous Ecuadoran rain forest matter. In *In re Chevron Corp.*, 736 F. Supp. 2d 773 (S.D.N.Y. 2010), the Interveners were subject to nothing more than a discovery preservation order.

arbitral award for lack of personal jurisdiction, even though there were assets in the district, because the "dispute that led to the arbitration award has nothing to do with the United States or [the forum state]. And even more telling, Base Metal itself is not a [forum state] corporation, nor is its principal place of business in [forum state] or even in the United States. The fact that the plaintiff in this case is not a [forum state] corporation or resident 'considerably diminishes' [forum state]'s interest in the dispute." *Id.* at 212-13.

*In sum*, there is no gamesmanship by Counsel seeking to withdraw in regard to personal jurisdiction, which does not exist, and whose existence is not dependent on Counsel in any case.

### C. IT Ltd Has Not Effectuated Service Under 9 U.S.C. § 9 and Fed.R.Civ.P. 4 Against Non-Resident Interveners

There is no "gamesmanship" in Counsel withdrawing based on alleged service.

*First,* IT Ltd has not even attempted to effectuate service of the Confirmation Motion pursuant to Fed.R.Civ.P. 4, as required by 9 U.S.C. 9. *See Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) (Service on non-residents under "§ 9 of the Arbitration Act refers to Fed.R.Civ.P. 4."); *Marine Trading v. Naviera Commercial Naylamp S.A.*, 879 F. Supp. 389 (S.D.N.Y. 1995) (holding no personal jurisdiction because motion to confirm arbitration award not properly served under Fed. R. Civ. P. 4(f)(2)). Nothing in Rule 4 permits original service of the Confirmation Motion upon counsel, who never agreed and was never authorized to accept service. *See United States ex rel. El-Amin v. George Wash. Univ.*, 2000 U.S. Dist. LEXIS 15635 (D.D.C. Oct. 20, 2000) (holding purported service upon counsel ineffective because there was "no agreement in existence" to accept original service).

*Second*, IT Ltd offers no explanation why it did not attempt to serve Intervener CS Ltd, registered in Cayman Islands, by mail pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters art. 10(a), Nov. 15,

1965, 20 U.S.T. 361, ("Hague Convention").[9] Nor does IT Ltd explain why it hasn't attempted to serve Interveners Barzani and Korek, residents of Iraq, which is not party to the Hague Convention, by means under Fed.R.Civ.P. 4(f), including by mail. *Id.*

***Finally,*** if, as IT Ltd argues (which Movants do not accept), service on Interveners has been perfected by serving Counsel, then there is no need for Counsel to continue in the case because service has occurred.

Dated October 20, 2023

By:   */s/ Thomas C. Sullivan*
Bruce S. Marks
Thomas C. Sullivan
**MARKS & SOKOLOV LLC**
1835 Market Street
Philadelphia, PA 19103
Telephone: (215) 569-8901
Facsimile: (215) 569-8912
tsullivan@mslegal.com

*Attorneys for Movants/Interveners*

---

[9]*See* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/hague-convention-service-abroad; https://www.hcch.net/en/states/authorities/details3/?aid=681 *See also*, *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) ("[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.") The Cayman Islands have not objected to service by mail.